# UNITED STATES DISTRICT COURT
for the

Middle District of Tennessee

| | |
|---|---|
| United States of America<br>v.<br>JESSE PECORA<br><br>*Defendant(s)* | )<br>)<br>) Case No. 3-20-mj-03011<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 28, 2020__ in the county of __Davidson__ in the __Middle__ District of __Tennessee__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 841(a)(1) | by knowingly and intentionally distributing and possessing with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. |

This criminal complaint is based on these facts:

See attached Statement in Support of Criminal Complaint incorporated herein.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

ATF SA Ryan E. Singleton
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 02/14/2020

_____
*Judge's signature*

City and state: NASHVILLE, TN

Joe B. Brown, United States Magistrate Judge
*Printed name and title*

## STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT

I, Ryan E. Singleton, being duly sworn on oath, state as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) in Nashville, Tennessee and have been employed as an ATF agent since January 2010. Prior to my employment with the ATF, I was a criminal investigator and a patrol officer with the Waynesville Police Department in Waynesville, North Carolina for over eleven (11) years.

2. This affidavit is submitted in support of a Criminal Complaint for the arrest of Jesse PECORA for distributing and possessing with the intent to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3. The facts contained in this statement are based on first-hand knowledge or information learned during this investigation from other law enforcement sources or witnesses related to the investigation. This statement does not provide each and every detail known by your affiant regarding this investigation, but rather provides information necessary to establish probable cause for the arrest of Jesse PECORA for the stated offense. Except where indicated, all statements referred to below are set forth in substance and in part, rather than verbatim. All of these events occurred in Davidson County, Tennessee, located in the Middle District of Tennessee.

4. On January 14, 2020, Metropolitan Nashville Police Department (MNPD) Narcotics Detective Harrison Nearn advised me that he received information that Jesse PECORA, a former ATF defendant and convicted felon, was selling large quantities of methamphetamine in the Nashville, Tennessee area. Detective Nearn further provided a home address of 3520 Whites Creek Pike in Nashville and a phone number 615-***-7672 for PECORA.

5. On January 23, 2020, as part of a law enforcement operation, a person, identified for purposes this complaint as an MNPD Confidential Source (CS), placed a recorded phone call to PECORA to arrange for the purchase of methamphetamine from PECORA on January 28, 2020. The number called was 615-***-7672. PECORA answered the phone and conversed with the CS about the price and quality of the methamphetamine PECORA was selling. PECORA told the CS the price was $600 per ounce up to 6 ounces and $550 per ounce for an amount of over 6 ounces.

6. In a series of conversations, the CS arranged to meet PECORA on January 28, 2020, to purchase 4 ounces of methamphetamine for $2,400.

7. On January 28, 2020, MNPD Narcotics Detectives and ATF Special Agents (SA) met at a predetermined location to prepare for the controlled purchase of methamphetamine from PECORA. Present for the deal were MNPD Detectives Harrison Nearn, Kyle Williams, Corteze Armstrong, and Sgt. Ben Bryner as well as ATF SA's Kurt Wiest, Reggie Johnson, Morgan Madison, Mickey Welch, Carlos Martin, Bridgette Mason, Stephanie Haera, and myself.

8. The CS placed a recorded phone call to PECORA to confirm PECORA was ready to meet. PECORA confirmed he was still good to meet with the CS. SA Wiest provided the CS with $2,400 in agent cashier funds that had previously been photocopied.

9. The CS then met with PECORA at the prearranged meeting location, a business parking lot located at 2428 Nolensville Road in Nashville. The meeting was surveilled by investigators and recorded. After briefly speaking with the CS, PECORA met with several white males in a black Dodge Durango. PECORA then returned to the CS's vehicle and provided four (4) bags of suspected methamphetamine (a white/clear crystalline substance) to the CS in exchange for $2,400 cash. After the exchange with PECORA was complete, the CS left the parking lot and met with SA Haera and myself at a predetermined location. The CS provided the four (4) bags to me, which were then field tested and weighed by Detective Williams. Each of the four (4) bags weighed approximately one (1) ounce individually and a sample field-tested positive for methamphetamine.

10. On January 31, 2020, the Drug Enforcement Agency (DEA) Nashville Sub-Regional Laboratory examined the suspected methamphetamine purchased from PECORA for official weight and analysis. The results of that analysis confirmed the identity of the substance as methamphetamine, a schedule II controlled substance, having a combined weight of 110.76 grams and a purity of 99%.

11. PECORA is currently on supervised release in the Middle District of Tennessee, in Case No. 3:11-cr-00020, following his conviction in 2014 for conspiring to possess with intent to distribute cocaine, in violation of Title 21, United States Code, Section 846, for which he was sentenced to ninety-six (96) months' custody and five (5) years of supervised release in June 2015.

12. Based upon the foregoing, I believe there is probable cause to believe Jesse PECORA has committed the offense of distributing and possessing with the intent to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Further affiant sayeth not.

Page **2** of **2**

Case 3:20-mj-03011 Document 3 Filed 02/14/20 Page 3 of 3 PageID #: 5